IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFREDO YANEZ MARTINEZ,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER RE: MOTIONS TO EXCLUDE DNA EXPERTS<br><br><br><br>Case 2:24-cr-00183-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on the Parties' respective Motions in Limine seeking exclusion of the opposing party's DNA expert witness. Defendant first filed his Motion in Limine to Exclude Government's Expert and Associated Evidence under Rule 16(a)(1)(G), seeking exclusion of the government's DNA expert, Megan Duge.[1] The government subsequently filed a Notice of Withdrawal of Notice of Intent to Rely on Expert Testimony of Megan Duge, indicating it no longer intended to present expert testimony relating to DNA evidence as part of its case-in-chief.[2] Accordingly, the Court will deny Defendant's Motion in Limine as moot.

The government then filed a Motion a Limine to Exclude Defendant's Expert Witness Relating to DNA.[3] The government argues that the testimony of Defendant's DNA expert, Dr. Norah Rudin, should be excluded as irrelevant because her testimony was proposed to rebut the testimony of the government's DNA expert, who the government no longer intends to call. The

---

[1] Docket No. 84.

[2] Docket No. 91.

[3] Docket No. 93.

government further argues that the testimony should be excluded because Defendant's notice of Dr. Rudin's testimony does not meet the requirements of Federal Rule of Criminal Procedure 16(b)(1)(C). Specifically, it argues that Defendant's disclosure fails to include either a "complete statement of all the opinions that the defendant will elicit from the witness in the defendant's case-in-chief" or the "bases and reasons for them" as required by Rule 16(b)(1)(C)(iii); or a signature of the proposed expert indicating approval of the disclosure as required by Rule 16(b)(1)(C)(v).

Defendant has not filed a response to the government's Motion and the time for doing so has since passed.[4] Defendant's Notice of Intent to Use Expert Testimony states that Dr. Rudin "is anticipated to provide testimony related to her review of the DNA analysis the government's expert witness performed in this case and the methodologies involved."[5] The purpose of Dr. Rudin's testimony therefore appears to be limited to rebutting the government's DNA expert, which the government no longer intends to call. Defendant has not asserted any other purpose for Dr. Rudin's testimony or otherwise explained how her testimony remains relevant. Moreover, Defendant's disclosure is deficient under Rule 16. Accordingly, the Court will grant Defendant's Motion in Limine to exclude Dr. Rudin's testimony.

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Government's Expert (Docket No. 84) is DENIED as moot. It is further

ORDERED that the government's Motion in Limine to Exclude Defendant's Expert (Docket No. 93) is GRANTED.

---

[4] DUCrimR 12-1(b) ("A response memorandum must be filed within 14 days after service of the motion.").

[5] Docket No. 81, at 1.

DATED this 17th day of November, 2025.

BY THE COURT:

Ted Stewart
United States District Judge